THE PEOPLE *ex rel.* ROBINSON *v.* SUPERIOR COURT OF THE CITY OF NEW YORK.

THIS was a motion for a *mandamus* to the Superior Court commanding them to vacate a rule setting a report of referees; or to render judgment, so that the relator might bring a writ of error.

The Supreme Court, Cowen J. delivering their opinion held, that, as it was to be inferred from the course of proceedings as the part of the judges of the Superior Court, that they were dissatisfied with the report in point of *fact*, and not in point of *law*, this court will not grant a mandamus to vacate the order for a rehearing before referees. Mr. Justice Cowen, however, plainly enough intimates, that if the report was set aside because it was conceived that upon

the *facts found by the referees,* the *law* was against the plaintiff in whose favor the report was made, and if, after the expression of such an opinion, that court refused upon the application of the plaintiff to render judgment against him, so that he might bring error, this court would award a mandamus requiring the prayer of the plaintiff to be granted."

To this there could be no objection. No complaint, at least, no open one, and no suspicion as yet, manifested by the justices of the Supreme Court that they were misusing the people's most gracious and high prerogative writ of mandamus !

At length, in December, 1839, this question of the jurisdiction of the Supreme Court, to review by mandamus, the decisions of the inferior tribunals, in cases where those courts in the exercise of their judicial discretion, had passed upon matters presented for their judgment, came before the court of Errors for their adjudication. This was upon a writ of error brought in the name of the Judges of the Oneida Common Pleas, by a plaintiff in their court in a case in which the Supreme Court had granted a peremptory mandamus, directing the Common Pleas to *vacate an order for costs* to these plaintiffs. The order had been granted by the Common Pleas, on the ground that the *title to land had come in question upon the trial of the cause.* The case is entitled as follows :